

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 24, 1956

Honorable Jack Ross, Chairman     Opinion No. S-190
Board of Pardons and Paroles
Austin, Texas

Re: Pardoning authority in connection with suspension of a Texas Driver's License, or the right to drive, as the result of an out of State conviction.

Dear Mr. Ross:

Your letter requests an opinion from this office on two questions. The first asks for an opinion regarding the authority of the Board of Pardons and Paroles to recommend and of the Governor of Texas to grant the restoration of an operator's license which has been suspended as a result of conviction of an offense in an adjoining State for which Article 6687b, Vernon's Civil Statutes, authorizes suspension of license.

Section 28 of Article 6687b states:

"The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator or chauffeur."
(Emphasis added.)

Section 11 of Article IV of the Constitution of Texas gives the Board of Pardons and Paroles the authority to recommend and the Governor of Texas the power to remit fines and forfeitures resulting from final convictions in criminal cases. It does not place the power in the hands of the Governor to grant rights and privileges which have not been forfeited through criminal convictions. Ex parte Green, 116 Tex. 515, 295 S.W. 910 (1927); Hankamer v. Templin, 143 Tex. 572, 187 S.W. 2d 549 (1945); 31 Tex. Jur. 1260, Pardon, Sec. 5; Atty. Gen. Op. No. 0-6142.

Inasmuch as the suspension of a license under such Section is not a penalty annexed to a criminal conviction, Attorney General's Opinion No. 0-6142 controls. Said opinion reads in part as follows:

". . . the courts of this country have not construed such constitutional provisions to authorize executive clemency in instances where administrative agents, acting independently under legislative authority, have for good cause seen fit to cancel or suspend licenses or privileges for the protection of the safety, the health, or the morals of the people. Such independent proceedings are not criminal but civil in nature and are beyond the reach of the pardoning power under the Constitution."

It is the opinion of this office that the Board of Pardons and Paroles does not have the authority to recommend, nor does the Governor have the authority to grant, the restoration of an operator's license which has been suspended by the State Department of Public Safety under Section 28 of Article 6687b as a result of a conviction in another State.

In your second question, you ask if the Board of Pardons and Paroles has the authority to recommend and the Governor of Texas to grant a right to apply for and receive an operator's license to drive in the State of Texas where the license was issued and the offense was committed in an adjoining State.

Paragraph (a) of Section 29 of Article 6687b reads as follows:

"(a) The privilege of driving a motor vehicle on the highways of this State given to a non-resident hereunder shall be subject to suspension or revocation by the Department in like manner and for like cause as an operator's, commercial operator's, or chauffeur's license issued hereunder may be suspended or revoked."

It is the opinion of this office that the Board of Pardons and Paroles does not have the authority to recommend nor does the Governor of Texas have the authority to grant restoration of a non-resident's privilege of driving in this State which has been suspended by the State Department of Public Safety as a result of a conviction in another State.

The Legislature has provided no method of restoration of a driver's license or driving privilege under the above circumstances.

## SUMMARY

The Board of Pardons and Paroles does not have the authority to recommend and the Governor does not have the authority to grant the restoration of a Texas driver's license which has been suspended by the State Department of Public Safety for a conviction in another State. Likewise, the Board of Pardons and Paroles does not have the authority to recommend and the Governor does not have the authority to grant restoration of a nonresident's privilege of driving in this State which has been suspended by the State Department of Public Safety for a conviction in another State. The Legislature has provided no method of restoration in either case.

APPROVED:

J. Fred Jones
State Affairs Division

J. C. Davis, Jr.
Reviewer

J. A. Amis, Jr.
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

WC/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *William Clark*

William Clark
Assistant